**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

HUGO ROBERTO A.M.,

Petitioner,

v.

WARDEN, Crow Wing County Jail, ET AL.

Respondents.

Case No. 26-CV-4324 (NEB/ECW)

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

---

Petitioner Hugo Roberto A.M. is a citizen of Mexico. (ECF No. 1 ("Pet.") ¶ 1.) In July 2023, he entered the United States as a nonimmigrant with a B-2 Temporary Visitor Visa. The Visa granted him permission to remain in the United States until August 2, 2023. (ECF No. 8 ¶ 4.)

On June 27, 2026, Immigration and Customs Enforcement (ICE) was conducting operations in Columbia Heights, Minnesota when they observed a vehicle registered to Hugo Roberto A.M. (ECF No. 8 ¶ 6, ECF No. 8-1 at 2-3.) There is a record of Hugo Roberto A.M.'s visa and its expiration. (ECF No. 8 ¶ 4.) ICE followed the vehicle and activated their lights to initiate a stop. (ECF No. 8 ¶ 6, ECF No. 8-1 at 2-3.) Hugo Roberto A.M. exited his vehicle on foot and fled. (*Id.*) Officers pursued and Hugo Roberto A.M. "squared up" to them but was ultimately detained. (*Id.*) After detaining him, ICE issued a Form I-862 Notice to Appear (NTA) and a Form I-200 Warrant for Arrest. (ECF No. 8-2; ECF No. 8-3.)

Hugo Roberto A.M. requested and was afforded a bond hearing in front of an immigration judge on October 14, 2026. (ECF No. 8-4; ECF No. 8-5.) The immigration

judge denied him bond after concluding that he is a danger to the community because of his arrest for driving while impaired in June 2026, and because he is a flight risk. (ECF No. 8-5.)

Hugo Roberto A.M. petitions for a writ of habeas corpus, alleging that he was unlawfully detained and denied due process. (Pet.) He also requests prompt judicial review and another bond hearing. (*Id.*)

## ANALYSIS

Hugo Roberto A.M. bears the burden of proving by a preponderance of the evidence that his arrest or detention is contrary to law. *Walter A. v. Easterwood*, No. 26-CV-1393 (SRN/LIB), 2026 WL 836428, at *15 (D. Minn. Mar. 26, 2026); *see also Freeman v. Pullen*, 658 F. Supp. 3d 53, 58 (D. Conn. 2023); *Lallave v. Martinez*, 609 F. Supp. 3d 164, 171 (E.D.N.Y. 2022).

### I. Arrest

Respondents concede that Hugo Roberto A.M.'s arrest was warrantless. (ECF No. 7 at 10.) The legality of Hugo Roberto A.M.'s arrest turns on 8 U.S.C. § 1357(a)(2). Under that section, an immigration official may conduct a warrantless arrest of a noncitizen, but only if the official "has reason to believe that the alien so arrested is in the United States in violation of any [immigration] law or regulation and is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a); *see also* 8 C.F.R. § 287.8(c)(2)(ii) ("A warrant of arrest shall be obtained except when the designated immigration officer has reason to believe that the person is likely to escape before a warrant can be obtained."). "Reason to believe" means "constitutionally required probable cause." *United States v. Quintana*, 623 F.3d 1237, 1239 (8th Cir. 2010). And "likely to escape" means "likely to

evade detention by immigration officers." *Hussen v. Noem*, 822 F. Supp. 3d 944, 988 (D. Minn. 2026).

Respondents satisfy both requirements of Section 1357(a)(2). First, ICE had reason to believe that Hugo Roberto A.M. was in the United States in violation of immigration laws: ICE saw a vehicle that was registered to him, and he was a visa overstay with no lawful status. (ECF No. 8 ¶ 6, ECF No. 8-1 at 2-3.) Second, ICE had reason to believe that Hugo Roberto A.M. would likely escape before a warrant could be obtained: When ICE approached him, he fled and apparently prepared to fight the officers. (ECF No. 8 ¶ 6, ECF No. 8-1 at 2-3.) These actions provided probable cause that ICE would not be able to arrest Hugo Roberto A.M. at another clearly identifiable location. *Contreras v. United States*, 672 F.2d 307, 309 (2d Cir. 1982) (per curiam) ("[H]er acknowledgement that she was from Guatemala, the absence of a claim of lawful status, and her attempt to evade custody satisfied the 'likely to escape' criterion."); *United States v. Meza-Campos*, 500 F.2d 33 (9th Cir. 1974) (per curiam) (finding this element satisfied where noncitizen was "looking for an opportunity to run"). For these reasons, Respondents had probable cause to arrest Hugo Roberto A.M. under Section 1357(a)(2).

## II. Due Process

Hugo Roberto A.M. also argues that his detention violates due process and requests a bond hearing in front of a judge. (Pet.) Records demonstrate that Hugo Roberto has since been given the opportunity to appear before an immigration judge to make his case for why he should be released on bond. (ECF No. 8-5.) The immigration judge rejected his arguments and denied bond. (*Id.*) This Court may not review the merits of that decision. 8 U.S.C. § 1226. And due process requires no additional process at this time. Hugo Roberto A.M. is therefore not entitled to habeas relief.

**CONCLUSION**

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED; and

2. The Motion for Temporary Restraining Order and Request to Stay Removal (ECF No. 2) is DENIED as MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 2, 2026

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge